Gentlemen:
Your letters indicate that a constituent of yours has come up with an idea to sell flowers at free standing locations such as a mall or grocery store, locations which are not floral shops. The invention resembles an automated, climate-controlled kiosk from which a consumer could pick and choose a floral arrangement to purchase. The machine would have a sign, other marking or signal showing the name of the florist as well as his license number. In addition to this information, the consumer would be able to make direct contact with a licensed retail florist from the structure. Minimum professional standards would be met because, before placing the arrangement in the machine, the operator would prepare the flowers in his retail shop.
Specifically, you ask whether the use of the foregoing apparatus comports with state law, and whether a licensed retail florist would be required at each vending machine location.
There is no direct answer to this question in our current statutory scheme which regulates florists. Furthermore, there is no prohibition against selling flowers from an automated climate-controlled kiosk. La. R.S. 3:3808 B (2) provides regulations that seem to pertain only to Retail florists operating out of their own place of business. This section of the statute is entitled "Terms and conditions of licenses and permits" and reads as follows:
 B. Retail florists shall be subject to the following provisions:
 * * *
 (2) Each person who engages in the profession of retail floristry shall have a regular employee at each place of business who is a licensed retail florist and whose license shall be on display at all times during the hours business is conducted in that profession;
In contrast, the statute sets out another authorized category of distributing flowers to the public. La. R.S. 3:3808 I. provides regulations pertaining to a "cut flower dealer." This permit, which does not mandate a licensed retail florist, reads as follows:
 I. A cut flower dealer's permit authorizes the holder thereof to sell cut flowers either singly or in bunches, or both. Each cut flower dealer shall sell from a place of business or from a mobile pushcart which shall be capable of being moved from place to place by the dealer. . . .
The climate-controlled kiosk or vending machine is factually analogous to the provisions of La. R.S. 3:3808 I. for several reasons. Both are self-contained mobile units able to be moved from location to location. Both would not typically be located at a floral retail shop or a florist's place of business. Both units would likely sell cut flowers either singly or in bunches, or both. The only difference is that the sale process would be automated by the machine. Consequently, the owner of an automated, climate-controlled kiosk can distribute single flowers or bunches of flowers, and he or she would be required to obtain a cut flower dealer permit.
The mandatory wording of the portion of the statute dealing with retail florists and their place of business does not allow for the use of discretion, but requires that "at each place of business" a retail florist must have a regular employee who is a licensed retail florist and whose license is on display at all times during business hours. However, a climate-controlled kiosk or vending machine located off the premises of the florist's place of business would not be subject to such a requirement.
It is important to note that there is no specific legislation addressing the situation of an automated climate-controlled kiosk. It is the opinion of this office, for the above-mentioned reasons, that the operation of such a machine would only require a cut flower dealer's permit. Therefore, an on-site licensed retail florist would not be required to stand next to each vending machine.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, please do not hesitate to contact me.
Very truly yours,
CHARLES C. FOTI, JR.ATTORNEY GENERAL
By: ___________________ Christopher D. Matchett Assistant Attorney General